IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SHAWN DEWAYNE MORRIS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:05-CV-0451-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Shawn Dewayne Morris, TDCJ-ID # 661765, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

On December 20, 1993, Morris was sentenced to four concurrent fifteen-year sentences

stemming from various criminal charges in the 372nd District Court of Tarrant County, Texas. (3State Habeas R. at 32; 4State Habeas R. at 32; 5State Habeas R. at 32; 6State Habeas R. at 31.)[1] Morris was released on mandatory supervision on May 18, 2001. (Resp't Answer, Exhibit A.) On February 24, 2004, a warrant issued for his arrest due to alleged violations of the conditions of his release, and, on August 25, 2004, after a hearing, his mandatory supervision was revoked. (Parole Records at 1-2, 13.) Morris was penalized by forfeiture of his prior earned good time credits and street time credit. (Resp't Answer, Exhibit A.) Morris pursued administrative time credit dispute resolution and state habeas relief to no avail. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); *Ex parte Morris*, Application Nos. WR-25,975-02 through 25,975-06, at cover. Morris filed this federal petition for writ of habeas corpus in the Houston Division on June 2, 2005, and the action was transferred to this division by order dated July 6, 2005.

D. ISSUES

Morris purports to raise four grounds for federal habeas relief. (Petition at 7-8.) Although confusing, his grounds are construed as raising two primary claims: (1) TDCJ has violated his state and federal constitutional rights by denying him credit for the time he spent in jail pending parole revocation proceedings, and (2) TDCJ has violated his state and federal due process rights by forfeiting credit for the time he spent on mandatory supervision (street time) under HB 1649, thereby unlawfully extending and enlarging his sentence. (Petition at 7-8 & Attachment.)

E. RULE 5 STATEMENT

Dretke contends that Morris has failed to exhaust one or more of his claims as required by

---

[1] "3State Habeas R," "4State Habeas R," "5State Habeas R.," and "6State Habeas R." refer to the court records for Morris's state habeas Application Nos. WR-25,975-03, WR-25,975-04, WR-25,975-05, and WR-25,975-06, respectively.

2

28 U.S.C. § 2254(b) and (c), and that the claims are procedurally barred.

## D. DISCUSSION

A Texas prisoner challenging the failure to be awarded time credits toward his sentence may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998). Before seeking relief under article 11.07, Texas inmates are required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081.

Morris apparently availed himself of the administrative review process set forth in § 501.0081, although no records of that proceeding(s) were filed in this court. (Resp't Answer, Exhibit A.) Morris also filed five state applications for writ of habeas corpus, one for each conviction in state court Cause Nos. 0443935D, 0495690D, 0505272D, 0513629D, and 0513626D, respectively. In each state habeas application, Morris raised only one ground for relief, claiming that the denial of his street time credit violated ex post facto and double jeopardy protections under the state and federal constitutions and unlawfully extended his sentences by an additional three years. (2State Habeas R. at 7, 11-19; 3State Habeas R. at 7, 11-19; 4State Habeas R. at 7, 11-19; 5State Habeas R. at 7, 11-19; 6State Habeas R. at 7, 11-19.) He did not raise any claim pertaining to the denial of jail time credits or the due process claims he now raises pertaining to the forfeiture of his street time credit. The exhaustion requirement is not satisfied where the petitioner presents new

3

factual claims or legal theories in his federal habeas petition. *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005). Because Morris did not raise the same constitutional claims presented in this petition in his state habeas applications, the claims are unexhausted. Under the Texas abuse-of-the-writ doctrine, however, he cannot now return to state court for purposes of exhausting the claims. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Morris's claims are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

Moreover, Morris was not entitled to street time under HB 1649 because he had not reached the mid-point calculation. (Resp't Answer, Exhibit A.) *See* TEX. GOV'T CODE ANN. § 508.283©) (Vernon 2004). Thus, his argument that forfeiture of his street time unlawfully lengthens or prolongs his sentences beyond the original term imposed by the trial court is without merit, even though his maximum sentence discharge date may have been extended due to the forfeiture. *See Sanchez v. Cockrell*, No. 4:00-CV-1803-Y, 2001 WL 1297677, at *3 (N.D. Tex. Oct. 11, 2001); *Reynolds v. Johnson*, No. 4:00-CV-391-Y, 2001 WL 180165, at *3 (N.D. Tex. Feb. 20, 2001), *adopted*, 2001 WL 215945 (N.D. Tex. Mar. 2, 2001). Under state law, time credits have no effect on the length of sentence imposed. Consequently, an inmate's punishment is not increased by the forfeiture of time credits. Morris was informed upon his release on mandatory supervision that in the event of revocation, time spent on release would be forfeited. (Parole Records at 17.) A prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

## 1II. RECOMMENDATION

Based on the foregoing, it is recommended that Morris's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file 1specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 23, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 23, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

5

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 2, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE